UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


TIMOTHY SHIRLEY                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )           No. 2:10-CV-144
                                       )
NATIONSTAR MORTGAGE LLC,               )
*ET AL.*                               )
                                       )
            Defendants.                )


**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendant NationStar Mortgage LLC's

("NationStar") and Defendant MERS, Inc.'s ("MERS") Motion to Dismiss, [Doc. 3],

all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  The *pro se*

Complaint is largely nonsensical, and it is intended to enjoin the foreclosure sale of

plaintiff's home.  This Court gleans the following causes of action: (1) violations of

the Truth in Lending Act ("TILA"); (2) violations of the Uniform Commercial Code

("UCC"); (3) breach of contract; (4) violations of the Real Estate Settlement

Procedures Act ("RESPA"); (5) violations of the Tennessee Consumer Protection Act

---

[1]The defendants also moved to dismiss pursuant to Rule 12(b)(4) and (b)(5).  However, they offered no argument whatsoever to support their contention that the action should be dismissed on these grounds.  As such, this Court will only address their 12(b)(6) motion.

("TCPA");[2] and (6) breach of fiduciary duty. For the reasons that follow, this Court agrees with the defendants that the plaintiff has failed to state claims for each cause of action. As such, the motion is hereby **GRANTED**, and the case is hereby **DISMISSED**.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above

---

[2]The Court assumes that the plaintiff is alleging a violation of the TCPA because the subheading is titled "Unfair Deceptive Trade Practices," and it is a subsection to "Consumer Protection Statutory Violations."

the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and

to "state a claim to relief that is plausible on its face," *id*. at 570; *see also Ashcroft v.

Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at

1949. Moreover, this Court need not "'accept as true a legal conclusion couched as

a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

265, 286 (1986)); *see also Iqbal*, 129 S.Ct. at 1949. Lastly, this Court may consider

documents central to the plaintiff's claims to which the complaint refers and

incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.

2001).

When determining whether to dismiss a *pro se* complaint, these

complaints "are held to 'less stringent standards than formal pleadings drafted by

lawyers.'" *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (quoting *Haines v.

Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106

(1976). Furthermore, a *pro se* plaintiff's complaint is held to an especially liberal

standard, and should only be dismissed for failure to state a claim if it appears

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Estelle*, 429 U.S. at 106 (citation omitted). However, *pro*

*se* plaintiffs are not automatically entitled to take every case to trial.  *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). The lenient treatment generally accorded to *pro se* litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

First, the defendants argue that the alleged TILA and RESPA violations are time-barred.  Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  In addition, claims brought pursuant to RESPA also must be brought within one year from the date the violation occurs.  12 U.S.C. § 2614.  Here, the Complaint states, "On or about January 30, 2008[,] Plaintiff and Defendant purported to execute a Mortgage Note." Although the allegations are somewhat unclear, it appears to this Court that the TILA and RESPA claims revolve around the mortgage documents.  Thus, the occurrence of the alleged violations would be January 30, 2008.  The plaintiff filed the action on July 7, 2010, well outside the one-year statute of limitations.  As such, the TILA and RESPA actions are time-barred.  The defendants' motion in this regard is **GRANTED**.

Second, the defendants' argue that the claim for UCC violations should also be dismissed.  It is well established that the UCC applies to personal property, not real property.  *See Schmidt v. National City Corp.*, No. 3:06-CV-209, 2008 WL 5248706, *10 (E.D. Tenn. Dec. 17, 2008).  Further, the plaintiff has not alleged a

violation of state or federal law in this count.  Accordingly, defendants' motion to dismiss this count is **GRANTED**.

Third, the plaintiff alleges breach of contract, and the defendants argue that this claim is without merit.  A plaintiff who alleges breach of contract must prove the following three elements:   1) the existence of an enforceable contract, 2) nonperformance amounting to a breach of the contract, and 3) damages caused by the breach of contract.  *BankCorp South Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006).  Regarding this Count, the Complaint states, "The giving of notices of the foreclosure sale was not in conformity with the contract of the parties (the deed of trust and related documents from Closing), and Lenders thereby breached such contract to Plaintiff's damage."  The plaintiff did not attach any contractual documents to the Complaint.  The plaintiff does not point to any specific clause of a contract, and the plaintiff fails to quote any contract language.  Essentially, the plaintiff makes a conclusory allegation, with no factual allegations to support the allegation.  Moreover, the plaintiff cannot show damages as a result of the alleged breach.  Clearly, the plaintiff has received some notice of the foreclosure sale, for he filed this suit to enjoin such sale.  Most importantly, the foreclosure sale has not occurred.  Thus, he cannot show damages as a result of the alleged breach.  The defendants' motion on this count is **GRANTED**.

Fourth, the plaintiff brought a claim apparently for a violation of the TCPA. This claim is also without merit. The plaintiff fails to even list the statute or state the violation of the TCPA alleged. The plaintiff merely alleges "Unfair Deceptive Trade Practices," stating that his income was never verified. This claim requires that the plaintiff has suffered an ascertainable loss of money or property as a result of an unfair or deceptive act or practice by another person. Tenn.Code. Ann. § 47-18-109(a)(1). A "deceptive act or practice" includes "a material representation, practice or omission likely to mislead a reasonable consumer" or "the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." *Ganzevoort v. Russell*, 949 S.W.2d 293, 299 (Tenn. 1997). The plaintiff does not offer any factual allegations to support his conclusory allegations that the defendants engaged in a deceptive act or practice. Accordingly, the Tennessee Consumer Protection Act claim is **DISMISSED**.

Finally, the plaintiff alleges a breach of fiduciary duty. In Tennessee, absent special facts and circumstances, the relationship between a lender and a borrower is not inherently fiduciary. *Oak Ridge Precision Indus. Inc. v. First Tenn. Bank Nat'l Assn.*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992). Again, plaintiff has not alleged special facts or circumstances which establish a fiduciary relationship between

the parties. In fact, he has made no allegations as to the relationship other than conclusory statements. Therefore, this claim fails, and the defendants' motion in this regard is **GRANTED**.

In conclusion, the defendants' motion to dismiss all counts is **GRANTED**. As such, this Court need not address the defendants' motion in relation to the damages claim. In addition, this Court ordered the plaintiff to show that Defendant Mortgage Solutions of Knoxville, Inc. was properly served. The plaintiff failed to do so. Therefore, any claims against it are hereby **DISMISSED** for failure to prosecute.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE